IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| J. LLOYD INTERNATIONAL, INC., | |
| Plaintiff, | No. C06-0043 |
| vs. | RULING ON MOTION TO COMPEL |
| IMPERIAL TOY CORPORATION, | |
| Defendant. | |

This matter comes before the Court on the Motion to Compel (docket number 69) filed by the Plaintiff on September 10, 2007 and the Resistance (docket number 75) filed by the Defendant on September 27, 2007. Plaintiff J. Lloyd International, Inc. ("J. Lloyd") requests that the Court enter an order requiring Defendant Imperial Toy Corporation ("Imperial") to "make full and complete answers" to six disputed interrogatories. Pursuant to Local Rule 7.1.c, the Motion will be decided without oral argument.

### I. INTERROGATORIES 10, 18, AND 25

Initially, Imperial objected to J. Lloyd's Interrogatories 10, 18, and 25, seeking information relating to Imperial's use of the Endless Bubbles mark, and the design and sale of a toy shotgun.[1] On September 27, 2007 (contemporaneously with the filing of its Resistance to the instant Motion to Compel), however, Imperial served its supplemental

---

[1] *See* docket number 69-4 at 2, docket number 69-9 at 2, and docket number 69-11 at 2.

1

responses to J. Lloyd's Interrogatories 10, 18, and 25.[2] It would appear that Imperial has now provided the information requested in Interrogatories 10, 18, and 25. Accordingly, the Court finds that J. Lloyd's Motion to Compel as it pertains to those Interrogatories should be denied.

## II. INTERROGATORIES 11, 12, AND 13

On September 18, 2006, J. Lloyd served three interrogatories requesting information relating to the manufacture and sale of any product by Imperial bearing the Endless Bubbles mark.[3] On October 23, 2006, Imperial served its responses to the interrogatories, claiming generally that the interrogatories were vague, ambiguous, overbroad, and unduly burdensome.[4] Nonetheless, following the entry of a protective order, Imperial provided information regarding the quantity of products sold.[5] In its Resistance to the instant Motion, Imperial states that it "recently produced the revenue realized by such sales" and therefore "it appears J. Lloyd's needs relating to this interrogatory [No. 13] has been satisfied."[6]

Imperial continues to object, however, to producing information regarding when and where the product was manufactured (Interrogatory 11(c) and (d)) and where and when the product was sold and by whom it was purchased (Interrogatory 12(c)-(e) and (g)). Interrogatory number 13 requests information regarding total revenue generated by the sale of any product bearing the Endless Bubbles mark, but Imperial claims that information has now been provided.

---

[2] *See* docket number 75-2.

[3] *See* docket number 69-3 at 4-6.

[4] *See* docket number 69-4 at 2-4.

[5] *See* docket number 69-7.

[6] *See* docket number 75-1 at 3.

2

Regarding the disputed information, Imperial argues that "the names of Imperial's manufacturers and customers constitute highly confidential and trade secret information, which Imperial is not required to produce."[7] In support of its argument, Imperial cites *Foxworthy v. Sun Art Designs*, 42 U.S.P.Q.2d 1317 (S.D. Fla. 1997). There, comedian Jeff Foxworthy accused defendants of copyright violations and unfair competition arising from the sale of merchandise using jokes and phrases allegedly similar to the "redneck" humor marketed by Foxworthy. In response to various discovery requests, defendants produced "a detailed computer-generated sales summary containing the particulars of every sales transaction for the accused design." 42 U.S.P.Q.2d at 1318. Plaintiff argued, however, that he was entitled to customer names, rather than customer codes. Plaintiff's counsel had expressed an intention to contact defendant's customers "to develop evidence relating to the likelihood of confusion." *Id.* The Court concluded, however, that the defendants need not identify their customers by name.

> "Plaintiff argues that its questioning of defendant's customers is merely discovery, to shed light on customer confusion." But, evidence of actual confusion is *not* a necessary element of proof to Plaintiff's case. Moreover, the type of evidence that Plaintiff hopes to gather is not reasonably calculated to lead to *admissible* evidence.

*Id.* (quoting *Volkswagenwerk A.G. v. Westberg*, 260 F. Supp. 636, 151 U.S.P.Q. 544 (E.D. Pa. 1966)) (emphasis in original) (internal citations omitted). *See also Globalaw Ltd. v. Carmon & Carmon Law Office*, 452 F. Supp. 2d 1, 62 (D.D.C. 2006) ("In Lanham Act cases, the names of the defendant's customers or clients are rarely-if ever-revealed."). *But See Autotech Technologies Ltd. Partnership v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 442 (N.D. Ill. 2006).

The Court concludes that J. Lloyd has failed to demonstrate its need for information regarding where and when the product was manufactured or where and when it was sold

---

[7]*See* docket number 75-1 at 3.

and to whom. Imperial has provided J. Lloyd with information regarding the quantity of products sold bearing the Endless Bubbles mark and, apparently, the gross revenues received by Imperial as a result of those sales. The Court concludes that Imperial is not required to reveal its customer list, nor is it required to disclose where the product was manufactured. Therefore, J. Lloyd's Motion to Compel in this regard will be denied.

### *III. ORDER*

IT IS THEREFORE ORDERED that the Motion to Compel (docket number 69) filed by Plaintiff on September 10, 2007, is hereby **DENIED**.

DATED this 5th day of October, 2007.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA